IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

MARY B. BUTLER,                    )          Civil Action No. 3:04-781-GRA-JRM
                                   )
                 Plaintiff,        )
                                   )
          v.                       )
                                   )
COMMISSIONER OF SOCIAL SECURITY,   )          **REPORT AND RECOMMENDATION**
                                   )
                 Defendant.        )
                                   )

    This case is before the Court pursuant to Local Rule 83.VII.02, et seq., D.S.C., concerning the disposition of Social Security cases in this District. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI").

## ADMINISTRATIVE PROCEEDINGS

    On September 28, 2000, Plaintiff applied for SSI. Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). After a hearing held January 7, 2002, at which Plaintiff appeared and testified, the ALJ issued a decision (dated January 22, 2002) denying benefits. The Appeals Council affirmed the ALJ's decision. Plaintiff appealed the case to the United States District Court. Upon motion of Commissioner, that case (Civil Action Number 3:02-1923-GRA-JRM) was remanded under sentence four of 42 U.S.C. § 405(g). An Order of Remand was issued by the Appeals Council on April 14, 2003. A second hearing, at which Plaintiff appeared and testified, was held on September 15, 2003. The ALJ issued a second decision dated January 9, 2004, denying benefits.

The ALJ, after hearing the testimony of a vocational expert ("VE"), concluded that work exists in the national economy which Plaintiff can do. Plaintiff filed this action on March 22, 2004.

Plaintiff was thirty-three years old at the time of the ALJ's second decision. She has a high school education and past relevant work as a seasonal farm laborer and sewing machine operator. Plaintiff alleges disability since August 25, 1995.

The ALJ found (Tr. 240-241):

1.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2.   The claimant has an impairment or combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).

3.   These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4.   The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

5.   The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

6.   The claimant has the residual functional capacity to perform work with restrictions that require no lifting or carrying over 20 pounds occasionally and ten pounds frequently; no pushing or pulling over 20 pounds; no clim[b]ing of ladders or scaffolds; and an environment free from poor ventilation, dust, fumes, gases, odors and extremes of humidity and temperature.

7.   The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).

8.   The claimant is a "younger individual" (20 CFR §§ 404.1563 and 416.963).

2

9.    The claimant has a high school education (20 CFR §§ 404.1564 and 416.964).

10.   The claimant acquired skills from her past work but those skills are not transferable to other work within her residual functional capacity.

11.   The claimant has the residual functional capacity to perform a significant range of light work (20 CFR §§ 404.1567 and 416.967).

12.   Although the claimant's nonexertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform.   Examples include the unskilled, light jobs of office helper, router, and hand packager.

13.   The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)).

The only issues before this Court are whether correct legal principles were applied and whether the Commissioner's findings of fact are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389 (1971) and Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972).  Under 42 U.S.C. §§ 423(d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, Plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...."  See 20 C.F.R. § 404.1505(a) and Blalock v. Richardson, supra.

3

**DISCUSSION**

Plaintiff alleges that: (1) the ALJ's decision is not supported by substantial evidence; (2) the hypothetical to the VE failed to consider all of Plaintiff's limitations; (3) the ALJ erred in disregarding the VE's responses to hypothetical questions posed by Plaintiff's attorney; (4) the ALJ erred in finding that Plaintiff retained the physical capacity to perform light work; (5) the ALJ minimized the medical evidence about the severity of Plaintiff's asthma; (6) the ALJ failed to properly develop the case in accordance with SSR 02-01p based on Plaintiff's severe obesity; (7) the ALJ improperly evaluated Plaintiff's subjective testimony concerning the disabling effects of her pain; (8) the ALJ erred in discounting the opinions of Plaintiff's treating physicians, Dr. Gary Anderson and Dr. Priscilla Welch; and (9) the ALJ erred in failing to find that Plaintiff medically equaled the Listings of Impairments, Appendix 1, Subpart P, Regulations No. 4, at § 3.03A due to the combined effects of her asthma and obesity.   The Commissioner argues that substantial evidence[1] supports the ALJ's decision.

The ALJ's decision is not supported by substantial evidence and correct under controlling law.   Plaintiff has a history of asthma dating back to her childhood.   Dr. Gary Anderson, a pulmonologist, treated Plaintiff from approximately November 1999 to August 2001.   Tr. 176-186.   In February 2001, Dr. Anderson filled out a Physician's Certificate for the South

---

[1]Substantial evidence is:
evidence which a reasoning mind would accept as sufficient to support a particular conclusion.   It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.   If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence".
Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984); Laws v. Celebreeze, 368 F.2d 640, 642 (4th Cir. 1966).   It must do more, however, than merely create a suspicion that the fact to be established exists.   Cornett v. Califano, 590 F.2d 91, 93 (4th Cir. 1978).

4

Carolina Department of Social Services, in which he indicated that Plaintiff was not able to work based on her need to take frequent respiratory treatments. He listed her limitations as intolerance to smoke, dust, fumes, and perfume and shortness of breath with conversation. Dr. Anderson opined that Plaintiff's HIV, along with her asthma and expiratory wheezing, were permanent and total conditions which would prevent her from working. Tr. 177-178. Dr. Priscilla Welch, a family practitioner, began treating Plaintiff in August 2001. Tr. 300-367. In July 2003, Dr. Welch completed a Physician's Statement for the South Carolina Department of Social Services in which she opined Plaintiff was not able to engage in any type of employment; had no work capacity; and would never be able to return to work based on diagnoses of HIV, asthma/COPD, and chronic back pain. Tr. 299. The ALJ discounted these opinions because the physicians did not indicate specific functional restrictions to support their opinions and because they were solicited on physician's statement forms for the Department of Social Services. Tr. 237.

Although it is not binding on the Commissioner, a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1988), and Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir. 1986). In those cases, the court emphasized the importance of giving great weight to the findings of the plaintiff's treating physician. See also Mitchell v. Schweiker, 699 F.2d 185 (4th Cir. 1983). The court in Mitchell also explained that a treating physician's opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." An ALJ, therefore, must explain his reasons for disregarding a

5

positive opinion of a treating physician that a claimant is disabled.  DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983).

The Commissioner is authorized to give controlling weight to the treating source's opinion if it is not inconsistent with substantial evidence in the case record and it is well supported by clinical and laboratory diagnostic techniques.  20 C.F.R. § 404.1527(d)(2).  The Court in Craig found by negative implication that if the physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."  Craig, 76 F.3d at 589.

The ALJ's decision to discount the opinions of treating physicians Dr. Anderson and Dr. Welch is not supported by substantial evidence.  On November 23, 1999, Dr. Anderson noted that Plaintiff complained that she woke up every few hours during the night to take a nebulizer treatment, had to take nebulizer treatments every two hours during the day, and was wheezing a lot day and night.  Physical examination revealed expiratory wheezing.  Dr. Anderson assessed difficult to control asthma and HIV.  Tr. 184.  On January 12, 2000, Dr. Anderson opined that Plaintiff was "quite debilitated."  Tr. 183.  He also indicated that Plaintiff was not able to work due to her asthma and the exacerbations which occurred, especially when exposed to the public and various environmental irritants, as well as the need to use a nebulizer every two hours.  Dr. Anderson assessed that Plaintiff had very difficult to control asthma with nocturnal awakenings; significant sensitivities to dust, fumes, and perfume; and HIV.  Tr. 183.  Although Dr. Anderson reported better control of Plaintiff's asthma in June 2000 and February 2001, he noted diminished lung capacity.  Tr. 179-180.  Plaintiff reported that she was having a lot of coughing, wheezing, and sinus congestion on June 21, 2000.  Dr. Anderson noted that Plaintiff's lungs were diminished

6

but clear.  Tr. 180.  Tr. 177-178, 181, 183-184.   On August 9, 2001, Dr. Anderson wrote that

Plaintiff had a bad asthma attack the prior weekend at which time she reportedly "passed out."

Tr. 176.

        In September  2001, Dr. Welch indicated that Plaintiff had decreased breath sounds with

occasional expiratory wheezing.  She diagnosed Plaintiff with asthma, hypertension, and HIV.

Tr. 349.  In October 17, 2001, Dr. Welch treated Plaintiff for asthma and low back pain.  She

noted Plaintiff had an inspiratory wheeze with deep inspiration.  Tr. 246.  On October 31, 2001,

Dr. Welch noted that Plaintiff had a "little bit" of inspiratory wheeze.  Tr. 344.  Plaintiff had been

unable to get all of her medications because of problems with her pharmacy.  Dr. Welch noted that

Plaintiff was supposed to be able to get more than four prescriptions at a time because of her life

threatening illness and stated that it was imperative that Plaintiff get Prednisone for her asthma.

Tr. 344.  Intermittent inspiratory wheezing by Plaintiff was noted by Dr. Welch on November 16,

2001.  On December 6, 2001, rhonchi with occasional wheezing was noted by Dr. Welch.  Tr.

339.  Dr. Welch examined Plaintiff again on January 15, 2002, at which time she noted that

Plaintiff had marked asthma with inspiratory wheeze.  She also noted that Plaintiff was on

Prednisone chronically and directed Plaintiff to use aerosol treatments every four hours.  Tr. 337.

Plaintiff returned to Dr. Welch's office on January 22, 2002.  It was noted that Plaintiff had

inspiratory wheezing with some rhonchi.  Plaintiff reported that she was taking Albuterol

treatments by nebulizer every four hours, but it did not help as much as having treatment every

two hours as prescribed by Dr. Anderson in the past.  Reactive airway disease was diagnosed.

Tr. 335.  Dr. Welch noted that Plaintiff had diffuse inspiratory wheezing on June 20, 2002, and

inspiratory wheezes in her lower lung bases on September 5, 2002.  Tr. 327 and 331.

7

The opinions of Plaintiff's treating physicians are also supported by the medical records of Plaintiff's other treating and examining physicians. Plaintiff was diagnosed as HIV positive and placed on antiviral medications in June 1998. Tr. 1955. She was treated for HIV by Dr. Suzanne Mallow, who also noted that Plaintiff displayed asthma symptoms on numerous occasions despite her extensive medication regimen. See Tr. 147-151. On December 12, 2002, Plaintiff was treated at the emergency room at Carolinas Hospital System-Lake City for body aches, coughing, sore chest, and sore throat. Dr. Jeffrey Gersbach indicated that Plaintiff had moderate rhonchi in her lungs and mild expiratory wheezing. She returned there on December 27, 2002, at which time Dr. Gersbach noted mildly tight breath sounds with mild expiratory wheezing and moderate swelling in Plaintiff's fingers. Plaintiff was diagnosed with asthma, bronchitis exacerbation, HIV, and upper extremity swelling of uncertain etiology. Tr. 383-384, 390-392. Dr. Vinod Jona, a pulmonologist, began treating Plaintiff in August 2003. Plaintiff complained of lack of energy, daytime sleepiness, joint pain, swelling, arthritis, back pain, muscle aches, nervousness, crying spells, and depression. Dr. Jona indicated that he heard bilateral inspiratory and expiratory breath sounds. Dr. Jona diagnosed asthma, HIV, anxiety, hypertension, and anemia. Singulair was added to Plaintiff's medication regimen. Tr. 302, 427-430.

At the hearing, the ALJ presented a hypothetical question to the VE which assumed an individual limited to work not requiring lifting or carrying over twenty pounds occasionally and ten pounds frequently; no pushing or pulling over twenty pounds; no climbing of ladders or scaffolds; and a controlled environment free from poor ventilation, dust, fumes, gases, odors, extremes of humidity, and extremes of temperature. In response, the VE identified light, unskilled jobs that such a claimant could perform. Plaintiff's attorney asked the VE to consider whether a

8

claimant who was required to take thirty minute nebulizer treatments three to four times daily (at least two of which occurred during the workday) and lay down after each treatment for at least an hour could perform the identified jobs. In response, the VE responded that all of the identified jobs would be eliminated. Tr. 468-469. The ALJ discounted Plaintiff's credibility as to these limitations based on an absence of notations in the treatment notes of significant side effects attributable to medication. Tr. 238.

In order for a VE's opinion to be relevant or helpful, it must be based upon a consideration of all the other evidence on the record and must be in response to hypothetical questions which fairly set out all of the plaintiff's impairments. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). The questions, however, need only reflect those impairments that are supported by the record. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).

The ALJ's hypothetical to the VE failed to take into account all of Plaintiff's impairments, including her mental impairments,[2] bilateral carpal tunnel syndrome,[3] the need to take nebulizer treatments, and the side effects of her medications. Plaintiff testified that she used an Albuterol inhaler three to five times daily; she used an Advair Diskus twice daily; and a nebulizer three to four times daily; the nebulizer treatments took approximately thirty minutes; she felt tired after her nebulizer treatments; and she slept for one to two hours after each nebulizer treatment. Tr. 448-451. As discussed above, Plaintiff's need to take nebulizer treatments on a frequent basis is

---

[2]Dr. William King examined Plaintiff on January 3, 2001, and diagnosed adjustment disorder with mixed emotional features. Tr. 101. Plaintiff was prescribed Xanax and Zoloft for anxiety. See Tr. 267, 324.

[3]A nerve conduction study on June 20, 2000 revealed bilateral median neuropathy at Plaintiff's wrists which was consistent with carpel tunnel syndrome. Tr. 89.

9

supported by the treatment notes of Dr. Anderson and Dr. Welch.  In response to questioning by Plaintiff's attorney, the VE stated that the jobs identified could not be performed if Plaintiff had to take nebulizer treatments three to four times a day with rest periods after the treatments.

<u>CONCLUSION</u>

Reversal is appropriate when "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standing and when reopening the record for more evidence would serve no purpose. "  <u>Breeden v. Weinberger</u>, 493 F.2d 1002, 1012 (4th Cir. 1974).  In such a case, an adverse decision on remand could not "withstand judicial review," therefore, reversal is appropriate without the additional step of directing that the case be remanded to the Commissioner.  <u>See</u> <u>also</u> <u>Coffman v. Bowen</u>, 829 F.2d 514 (4th Cir. 1987).  It is, therefore,

RECOMMENDED that the Commissioner's decision to deny benefits be reversed and this action be remanded to the Commissioner for an award of benefits.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

July 19, 2005
Columbia, South Carolina