UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mary B. Butler,<br><br>                           Plaintiff,<br><br>v.<br><br>Jo Anne B. Barnhart,<br>Commissioner of Social Security,<br><br>                           Defendant. | C/A No. 3:04-781-GRA-JRM<br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., and filed July 19, 2005. Plaintiff brought this action pursuant to 42 U.S.C.§§ 405(g) seeking judicial review of the final decision of the Commissioner. The Commissioner denied the Plaintiff's application for Supplemental Security Income ("SSI"), and the magistrate recommends reversing the decision of the Commissioner.

I. Background

Plaintiff applied for SIS on September 28, 2000. Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). After a hearing held January 7, 2002, at which Plaintiff appeared and testified, the ALJ issued a decision (dated January 22, 2002)

1

denying benefits. The Appeals Council affirmed the ALJ's decision. Plaintiff appealed the case to the United States District Court. Upon motion of the Commissioner, that case (Civil Action Number 3:02-1923-GRA-JRM) was remanded under sentence four of 42 U.S.C. § 405(g). An Order of Remand was issued by the Appeals Council on April 14, 2003. A second hearing, at which Plaintiff appeared and testified, was held on September 15, 2003. The ALJ issued a second decision dated January 9, 2004, denying benefits. The ALJ, after hearing the testimony of a vocation expert, concluded that work exists in the national economy which Plaintiff can do. Plaintiff filed this action on March 22, 2004. In the Report and Recommendation filed July 19, 2005, the magistrate concluded that the ALJ's findings are not supported by substantial evidence and recommends that the decision of the Commissioner be reversed. Defendant filed a response to the magistrate's Report and Recommendation on July 29, 2005. For the reasons stated below, the decision of the Commissioner is REVERSED.

## II. Standards of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. Defendant has made objections to the magistrate's Report and Recommendation.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). However, if the Commissioner's findings of fact were based upon the application of an improper legal standard, they are not binding. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. Discussion

Defendant makes three objections to the magistrate's reversal recommendation. First, the evidence of the record supports the ALJ's conclusion that the opinions of the treating physicians were not entitled to great weight, because they "were not supported by acceptable clinical and laboratory diagnostic techniques; were inconsistent with the other objective medical evidence of record; and were inconsistent with their own treatment notes that did not reflect a disabling condition or impose any significant restrictions on Plaintiff's activities." Def. Obj. at 4. Second, the ALJ's hypothetical question to the vocational expert "included all of the limitations supported by the record and accepted by the ALJ." Def. Obj. at 5. Third, "if the Court concludes it cannot affirm the Commissioner's decision, it should remand the case back to the Commissioner for further proceedings" Def. Obj. at 5.

<u>Treating Physician Rule objection</u>

Social Security Regulations advise that opinions of treating physicians are most able to provide a "detailed, longitudinal picture of medical impairment[s] and

4

may bring a unique perspective to the medical evidence." 20 C.F.R. § 416.927 (d)(2).  As a result, the opinion of a treating physician may be given controlling weight, provided two conditions are met.  If the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the record, the opinion of the treating physician will be given controlling weight. *Id.*  Additionally, it is settled law in the Fourth Circuit that the opinion of a claimant's treating physician will be given great weight, and may be disregarded only if there is "persuasive contradictory evidence."  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

Plaintiff has a history of asthma dating back to her childhood.  Dr. Gary Anderson, a pulmonologist, treated Plaintiff from November 1999 to August 2001. Dr. Anderson indicated that Plaintiff was not able to work based on her need to take frequent respiratory treatments and opined that Plaintiff's HIV, along with her asthma and expiratory wheezing, were permanent and total conditions which would prevent her from working.  Dr. Priscilla Welch, a family practitioner, began treating Plaintiff in August 2001.  Dr. Welch opined that Plaintiff was not able to return to work based on diagnoses of HIV, asthma/COPD, and chronic back pain.  As noted in the magistrate's Report and Recommendation, the opinions of Dr. Anderson and Dr. Welch is supported by the doctors' own notes and medical tests, and supported by the medical records of Plaintiff's other treating and examining physicians.  The court in *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983), explained that a

treating physician's opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." It is the opinion of this Court that the ALJ should not have cast aside the opinions of the Plaintiff's treating physicians. Therefore, this objection is without merit.

Vocational Expert objection

In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all the other evidence on the record and must be in response to hypothetical questions which fairly set out all of the plaintiff's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). As the magistrate correctly noted, the ALJ's hypothetical to the vocational expert failed to take into account all of Plaintiff's impairments, including her mental impairments, bilateral carpal tunnel syndrome, the need to take nebulizer treatments, and the side effects of her medications. Additionally, Plaintiff's need to take nebulizer treatments on a frequent basis is supported by the treatment notes of Dr. Anderson and Dr. Welch. Therefore, this objection is without merit.

Remand objection

Simply put, this Court has the statutory authority to decide whether remand is necessary. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a

rehearing." 45 U.S.C. §405(g).  Reversal is appropriate when "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standing and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012, (4th Cir. 1974).  It is the decision of the Court to enter judgment reversing the decision of the Commissioner, and the Court does not believe remand is appropriate.  Therefore, this objection is without merit.

## IV.  Conclusion

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law and substantial evidence exists to support the findings.  Accordingly, the Report and Recommendation is accepted and adopted by this Court.

IT IS THEREFORE ORDERED that the Commissioner's decision be REVERSED, and Supplemental Security Income be awarded to the Plaintiff.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August   25  , 2005